UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALKAREEM LEIGH, JR.,

                                       Plaintiff,

-against-

JOHN DOE #1, in his individual capacity as a police officer for the City of Albany Police Department, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, in their individual capacities and as security guards of Albany Medical Center Hospital and ALBANY MEDICAL CENTER HOSPITAL,

                                       Defendants.

**COMPLAINT**

Civil Action No. 1:14-CV-0312 (LEK/RFT)

The Plaintiff, Alkareem Leigh, Jr., by his attorneys Cooper Erving & Savage LLP, alleges as follows:

**INTRODUCTION AND JURISDICTIONAL STATEMENT**

1. This is an action authorized under federal and state law for physical and psychological injuries inflicted upon the Plaintiff by Defendants.

2. Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 to redress violations of Plaintiff's rights under the United States Constitution, and pursuant to New York State law. Plaintiff seeks damages for the Defendants' use of excessive force, their actions in falsely arresting and detaining him, and for the intentional infliction of physical and psychological injuries. Plaintiff seeks damages from Albany Medical Center Hospital vicariously for the acts of its employees and for its negligence for failing to properly hire, train and supervise its security guards.

3. Defendant John Doe #1 has, under color of state law, subjected Plaintiff to an illegal interference with Plaintiff's constitutional rights.

4. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and §1367 (supplemental jurisdiction).

5. Venue is properly laid in the Northern District of New York, under the provisions of 28 U.S.C. § 1391, in that all, or a substantial part, of the events or omissions giving rise to the claims alleged herein occurred within this District and upon information and belief, all of the parties reside, or are located, in this District.

6. Plaintiff demands a jury trial of this action.

## PARTIES

7. At all times relevant to the Complaint, Plaintiff Alkareem Leigh, Jr., was a resident of the City of Albany, New York, and a citizen of the United States.

8. Upon information and belief, at all times relevant to the Complaint, Defendant John Doe #1 was an individual residing in the County of Albany, employed as a law enforcement officer by the Albany Police Department, City of Albany.

9. Upon information and belief, at all times relevant to the Complaint, Defendants John Doe #2 through John Doe #4 were security guards, employees and/or agents of the Albany Medical Center Hospital.

10. Albany Medical Center Hospital is a not for profit corporation existing under the laws of the State of New York, located in the County of Albany and State of New York.

11. Upon information and belief, at all relevant times herein, John Doe #2, John Doe #3 and John Doe #4 were employed by Albany Medical Center Hospital and acting within the scope of their employment.

## FACTUAL ALLEGATIONS

12. On June 1, 2013, at approximately 4:00 AM, Plaintiff was in a parking lot at Albany Medical Center Hospital in the City of Albany.

13. Plaintiff was not engaged in any illegal activity, nor did he give the appearance of being engaged in such.

14. At approximately 4:00 AM, Defendants John Doe #1, working at the time as a law enforcement officer for the City of Albany, and John Doe #2, John Doe #3 and John Doe #4, working as security guards for Albany Medical Center Hospital, told Plaintiff to leave the parking lot.

15. Plaintiff began to comply with the directions of the Individual Defendants.

16. The Individual Defendants began escorting the Plaintiff out of the parking lot.

17. As Plaintiff was approaching the end of the parking lot, John Doe #1 picked the Plaintiff up and threw him to the ground.

18. Once Plaintiff was on the ground, John Doe #1 forced Plaintiff's hands behind his back and handcuffed the Plaintiff while kneeling on Plaintiff's back.

19. While Plaintiff was on his stomach, with his hands behind his back, John Doe #1, John Doe #2, John Doe #3 and/or John Doe #4 forced Plaintiff's face and body against the ground and kneed Plaintiff in his face, causing him injury.

20. Following the assault, John Doe #1 placed Plaintiff in an Albany Police Department vehicle while Plaintiff was still handcuffed. After approximately 25 minutes, John Doe #1 and another police officer with the City of Albany Police Department drove Plaintiff to Washington Park in the City of Albany and dropped him off.

21. Plaintiff sustained multiple injuries, including cuts and bruising, and required hospitalization as a result of the Individual Defendants' actions.

## AS AND FOR A FIRST CAUSE OF ACTION
*(42 U.S.C. §1983 - Excessive Use of Force)*

22. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

23. John Doe #1 physically assaulted the Plaintiff.

24. John Doe #1 was present during the assault by John Doe #2, John Doe #3 and John Doe #4, had a reasonable opportunity to intervene in the assault, but failed to intervene to stop the assault.

25. Plaintiff did not consent to any physical contact with the Defendants.

26. Defendant John Doe #1's actions were unjustified, unreasonable and not otherwise privileged.

27. The force utilized by the Individual Defendants was objectively unreasonable, excessive and violative of the Fourth and Fourteenth Amendments to the United States Constitution.

28. John Doe #1 violated Plaintiff's rights while acting under color of the law of the State of New York.

4

## AS AND FOR A SECOND CAUSE OF ACTION
*(42 U.S.C. §1983 - False Arrest)*

29. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

30. John Doe #1 intentionally caused the Plaintiff to be confined.

31. Plaintiff did not consent to any confinement.

32. The confinement of Plaintiff was unjustified.

33. Plaintiff was not advised of the reason for his confinement.

34. Plaintiff was never charged with any violation of any law.

35. The unjustified confinement by the Defendants was violative of the Fourth and Fourteenth Amendments to the United States Constitution.

36. John Doe #1 violated Plaintiff's rights while acting under color of the law of the State of New York.

## AS AND FOR A THIRD CAUSE OF ACTION
*(42 U.S.C. Section 1983 – First Amendment)*

37. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

38. Prior to the Defendants' assault on the Plaintiff, John Doe #1 stated to Plaintiff, in sum and substance, "The reason you kids are out this late is because your mother didn't raise you right."

39. Plaintiff stated in response, in sum and substance, "Your mother didn't raise you right because you're a police officer."

40. In response to Plaintiff's speech, John Doe #1 stated, "You need to keep moving or I will slam your little ass."

41. Once Plaintiff reached the edge of the parking lot, John Doe #1 "slammed" Plaintiff into the ground, and the assault ensued.

42. The conduct of John Doe #1 was undertaken in retaliation for Plaintiff speaking.

43. The harm sustained by the Plaintiff constitutes "concrete harm", entitling Plaintiff to redress under the law.

44. The actions of the Defendant have resulted in an actual "chilling" of Plaintiff's subsequent speech, entitling Plaintiff to redress under the law.

45. Defendant John Doe #1's actions were taken under the color of law of the State of New York.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(New York State Law - Assault and Battery)*

46. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

47. John Doe #2, John Doe #3 and John Doe #4 intentionally placed the Plaintiff in the apprehension of imminent harmful or offensive contact.

48. John Doe #2, John Doe #3 and John Doe #4 intentionally caused bodily contact with the Plaintiff, which was harmful and offensive in nature.

49. Plaintiff did not consent to the bodily contact, nor was the contact otherwise privileged.

50. Plaintiff was harmed as a result of Defendants' actions.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(New York State Law – False Arrest and Detention)*

51.   Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

52.   John Doe #2, John Doe #3 and John Doe #4 caused the Plaintiff to be confined.

53.   The Plaintiff was aware of his confinement.

54.   Plaintiff did not consent to any confinement.

55.   The confinement of Plaintiff was unjustified and not otherwise privileged.

### AS AND FOR A SIXTH CAUSE OF ACTION
*(New York State Law – Intentional Infliction of Emotional Distress)*

56.   Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

57.   John Doe #2, John Doe #3 and John Doe #4's conduct was extreme and outrageous.

58.   John Doe #2, John Doe #3 and John Doe #4 intended to cause, and/or disregarded a substantial probability that their actions would cause, Plaintiff severe emotional harm.

59.   Plaintiff was harmed as a result of Defendants' actions.

### AS AND FOR AN SEVENTH CAUSE OF ACTION
*(New York State Law – Negligent Infliction of Emotional Distress)*

60.   Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

61. John Doe #2, John Doe #3 and John Doe #4's conduct was extreme and outrageous.

62. The actions of John Doe #2, John Doe #3 and John Doe #4 caused the Plaintiff to fear for his own safety and otherwise caused psychological and emotional harm.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*(New York State Law – Respondeat Superior)*

63. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

64. Upon information and belief, John Doe #2, John Doe #3 and John Doe #4 were at all times relevant, employees of Albany Medical Center Hospital.

65. Upon information and belief, John Doe #2, John Doe #3 and John Doe #4 were at all times relevant, acting within the scope of their employment as employees of Albany Medical Center Hospital.

66. Albany Medical Center Hospital is liable to the Plaintiff for the harm resulting to the Plaintiff as a result of the acts of its employees.

## AS AND FOR A NINTH CAUSE OF ACTION
*(New York State Law – Negligent Hiring and Retention)*

67. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

68. Upon information and belief, John Doe #2, John Doe #3 and John Doe #4 were hired and retained as employees of Albany Medical Center Hospital.

69. Upon information and belief, Albany Medical Center Hospital failed to adequately investigate the background of John Doe #2, John Doe #3 and John Doe #4 and knew or reasonably should have known that these individual Defendants were unfit for the type of job responsibilities and duties which they were hired and retained to perform.

70. As a result of its negligent hiring and retention of John Doe #2, John Doe #3 and John Doe #4, the Plaintiff was injured.

71. The type of harm sustained by the Plaintiff was a foreseeable consequence of Albany Medical Center Hospital's negligent hiring and retention.

### AS AND FOR A TENTH CAUSE OF ACTION
*(New York State Law - Failure to Adequately Train and Supervise)*

72. Plaintiff repeats and realleges each of the allegations in each of the foregoing paragraphs of the Complaint.

73. John Doe #1, John Doe #2 and John Doe #3 were, at all times relevant, employees of Albany Medical Center Hospital.

74. The injuries suffered by Plaintiff as set forth herein were caused by the failure of Albany Medical Center Hospital to adequately train and supervise its security guards.

75. Proper training and supervision would have prevented the injuries sustained by the Plaintiff.

76. As a result of Albany Medical Center Hospital's improper and inadequate training of its security guards, Plaintiff suffered severe injuries.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally as follows:

A.  Monetary damages in a sum exceeding $50,000 for compensatory, liquidated and/or other damages;

B.  Punitive Damages against the individual Defendants;

C.  The costs, disbursements, attorneys' fees, and expert witness fees incurred in enforcing Plaintiff's rights and prosecuting this action;

D.  For such other and further relief as the Court deems just and proper, and equitable.

DATED:  Albany, New York           COOPER ERVING & SAVAGE LLP
        March 20, 2014

                           By:  *[signature]*
                                Brian W. Matula
                                Bar Roll # 511717

                                *Attorneys for Plaintiff*
                                39 North Pearl Street
                                Albany, New York 12207
                                (518) 449-3900
                                bmatula@coopererving.com

203633

10